# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VINCENT J. SMITH** | : | |
| And | : | |
| **KALEY E. DAMORE** | : | NO. |
| And | : | |
| **BAIL SHOP, LLC** | : | |
| Plaintiffs, | : | |
| v. | : | |
| **JAMES A. POLLOCK** | : | **JURY TRIAL DEMANDED** |
| Individually & in his Official Capacity as | : | |
| Detective in the Muhlenberg Township | : | |
| Police Department | : | |
| 210 George Street | : | |
| Reading, PA 19605 | : | |
| And | : | |
| **MUHLENBERG TOWNSHIP** d/b/a | : | |
| **MUHLENBERG TOWNSHIP POLICE** | : | |
| **DEPARTMENT** | : | |
| 210 George Street | : | |
| Reading, PA 19605 | : | |
| And | : | |
| **JOHN ADAMS** | : | |
| Individually & in his Official Capacity as | : | |
| Berks County District Attorney | : | |
| 633 Court St | : | |
| Reading, PA 19601 | : | |
| And | : | |
| **BERKS COUNTY** d/b/a | : | |
| **BERKS COUNTY DISTRICT** | : | |
| **ATTORNEY'S OFFICE** | : | |
| 633 Court St | : | |

Reading, PA 19601                          :
                                           :
            Defendants.                    :

## CIVIL ACTION COMPLAINT

### I.    JURISDICTION & VENUE

1.     Jurisdiction in this Honorable Court is based on federal question conferred by 28 U.S.C.

§1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

2.     Venue lies in this District as the events giving rise to this claim occurred here and at least

one (1) Defendant does substantial business within this District.

### II.    PARTIES

3.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

4.     Plaintiff, Vincent J. Smith, is an adult individual and citizen of the Commonwealth of

Pennsylvania. Plaintiff, Vincent J. Smith, can be contacted through Plaintiffs' undersigned

counsel.  Plaintiff, Vincent J. Smith, is Plaintiff, Kaley E. Damore's father.

5.     Plaintiff, Kaley E. Damore, is an adult individual and citizen of the Commonwealth of

Pennsylvania. Plaintiff, Kaley E. Damore, can be contacted through Plaintiffs' undersigned

counsel.  Plaintiff, Kaley E. Damore, is Plaintiff, Vincent J. Smith's daughter.

6.     Plaintiff, Bail Shop, LLC, is a limited liability company existing by virtue of and

operating under the laws of the Commonwealth of Pennsylvania and is a citizen of the

Commonwealth of Pennsylvania. Plaintiff, Bail Shop, LLC, can be contacted through Plaintiffs'

undersigned counsel.  At all material times, Plaintiff, Kaley E. Damore is the sole owner-

operator of Plaintiff, Bail Shop, LLC.

7.     Defendant, James A. Pollock, is an adult individual with a business office located at the

above-captioned address. Defendant, Pollock is named herein in his individual capacity and

official capacity as Detective in the Muhlenberg Township Police Department under the color of state law. At all material times, Defendant, Pollock was acting under the color of state law.

8.      Defendant, Muhlenberg Township doing business as Muhlenberg Township Police Department is a municipality existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary business office located at the above-captioned address.

9.      Defendant, John Adams, is an adult individual with a business office located at the above-captioned address. Defendant, Adams is named herein in his individual capacity and official capacity as District Attorney of Berks County. At all material times, Defendant, Adams was acting under the color of state law.

10.     Defendant, Berks County doing business as Berks County District Attorney's Office is a municipality existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary business office located at the above-captioned address.

**III.    OPERATIVE FACTS**

11.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

**BACKGROUND**

12.     At all material times, Plaintiff, Damore owned and operated a bail-bond business in Lebanon, Pennsylvania, i.e. Plaintiff, Bail Shop, LLC.

13.     At all material times, Plaintiff, Damore was appropriately licensed to operate Plaintiff, Bail Shop, LLC in the Commonwealth of Pennsylvania. *See* Exhibit E.

14.     At all material times, Plaintiff, Bail Shop, LLC was appropriately licensed to operate as a bail-bond business in the Commonwealth of Pennsylvania. *See* Exhibit F.

15.     At no time was Plaintiff, Damore's or Plaintiff, Bail Shop, LLC's licenses suspended or revoked.

16.     At all material times, Plaintiff, Damore's father, Plaintiff, Smith was *not* involved in the operation or control of Plaintiff, Bail Shop, LLC.

17.     At all material times, Plaintiffs, Damore and Bail Shop, LLC has a contract with Non-Party, Greg Giaffes to post bail in Berks County, which may be legally effectuated through one of Non-Party, Greg Giaffes' posting agents in Berks County.

## PRECIPITATING EVENTS

18.     On or about April 15, 2019, Non-Party, Dinora Vasquez appeared at the office of Plaintiff, Bail Shop, LLC in order to obtain a bail-bond for her son, Non-Party, Jesse Morales, specifically for $150,000 related to a drug charge case (Berks County Docket No. CP-06-CR-0001706-2019). It was determined that Non-Party, Jesse Morales already had a bail-bond with Non-Party, Tom Carl Bail Bonds in the amount of $25,000 on another criminal case (Berks County Docket No. CP-06-CR-0001635-2018).

19.     Although Plaintiff, Bail Shop, LLC quoted a standard fee of five percent (5%), i.e. $7,500, Non-Party, Dinora Vasquez could only afford $5,000 as a deposit with additional payments thereafter. Further, Non-Party, Dinora Vasquez offered two additional co-signers; however, of the three signers, only one possessed gainful employment.

20.     Under Pennsylvania Law, Plaintiff, Bail Shop, LLC required a standard fee of five percent (5%).

21.     However, Plaintiff, Bail Shop, LLC explained that they would accept the $5,000 payment as a deposit and attempt to get approval of the bail-bond from their insurance company. Plaintiff,

Bail Shop, LLC explained that it may take some time to obtain approval due to the limited employment of the signers and the limited cash being paid.

22.    Over the course of the following week, Plaintiff, Bail Shop, LLC negotiated with its insurance company to obtain approval to issue the bail-bond. However, Plaintiff, Bail Shop, LLC's insurance company demanded additional money or other co-signors, which Non-Party, Dinora Vasquez could not provide.

23.    During the foregoing interactions on or about April 15, 2019, Plaintiff, Smith was present in the office of Plaintiff, Bail Shop, LLC as Plaintiff, Smith was meeting his daughter, Plaintiff, Damore for dinner. However, at no time did Plaintiff, Smith say or act in any meaningful way to justifiably suggest that he operated, controlled, or was employed by Plaintiff, Bail Shop, LLC.

24.    On or about April 24, 2019, pursuant to a motion by Non-Party, Tom Carl Bail Bonds to revoke the $25,000 bail, the Court in the Non-Party, Jesse Morales' 2018 criminal case increased the bail to $50,000.

25.    During the last week of April 2019, Non-Party, Dinora Vasquez returned to the office of Plaintiff, Bail Shop, LLC, which confirmed that it was still in the process of obtaining the bail-bond due to (a) the now increased bail amount; (b) limited money paid; (c) lack of any additional collateral; and (d) limited employment of the signers.  Plaintiff, Bail Shop, LLC offered a refund, but Non-Party, Dinora Vasquez refused, starting that she wanted her son out of jail. Plaintiff, Bail Shop, LLC explained that the process to obtain the approval was ongoing.

26.    Finally, on or about May 1, 2019, Plaintiff, Bail Shop, LLC obtained approval to issue the bail-bonds, totaling $200,000. As a result, Non-Party, Ethan Klein (a posting agent of Non-Party, Greg Giaffes) went to post the bonds at the Berks County Clerk of Courts. However, the

Clerk refused to allow the bonds to be posted as the clerk required clarification from the Court as to the correct amount of bail in one of the cases.

27.    On the following morning, May 2, 2019, Non-Party, Ethan Klein successfully posted the bonds with the Berks County Clerk of Courts; the bail was posted prior to 11am.

## POLICE CRIMINAL COMPLAINTS & AFFIDAVITS OF PROBABLE CAUSE

28.    On or about May 2, 2019, Defendant, Pollock completed a Police Criminal Complaint and Affidavit of Probable Cause against Plaintiff, Damore, which Defendant, Pollock submitted to Magistrate District Judge Dean R. Patton. *See* Exhibit C.

29.    Defendant, Pollock charged Plaintiff, Damore with the following criminal offenses:

  a.  Theft by Deception (Felony 3) pursuant to 18 Pa.C.S. 3922(a)(1);

  b.  Receiving Stolen Property (Felony 3) pursuant to PACC 3925(a); and,

  c.  Deceptive or Fraudulent Business Practices (Felony 3) pursuant to PACC 4107(a)(2).

*See* Exhibit C, Pages 3-4.

30.    On or about May 2, 2019, depending upon the Defendant, Pollock's averments in the Affidavit of Probable Cause, Magistrate District Judge Patton issued an Arrest Warrant for Plaintiff, Damore. *See* Exhibit D.

31.    The crux of Defendant, Pollock's Affidavit of Probable Cause was that Defendant, Demore operated a bail-bond business and accepted the $5,000 from Non-Party, Dinora Vasquez despite not being licensed to do so. *See* Exhibit C.

32.    On or about May 2, 2019, Defendant, Pollock also completed a Police Criminal Complaint and Affidavit of Probable Cause against Plaintiff, Smith, which Defendant, Pollock submitted to Magistrate District Judge Dean R. Patton. *See* Exhibit A.

33.    Defendant, Pollock charged Plaintiff, Smith with the following criminal offenses:

   a. Theft by Deception (Felony 3) pursuant to 18 Pa.C.S.  3922(a)(1);

   b. Receiving Stolen Property (Felony 3) pursuant to PACC 3925(a); and,

   c. Deceptive or Fraudulent Business Practices (Felony 3) pursuant to PACC 4107(a)(2).

*See* Exhibit A, Pages 3-4.

34.    On or about May 2, 2019, depending upon the Defendant, Pollock's averments in the Affidavit of Probable Cause, Magistrate District Judge Patton issued an Arrest Warrant for Plaintiff, Smith. *See* Exhibit B.

35.    The crux of Defendant, Pollock's Affidavit of Probable Cause was that Defendant, Smith was *present* when Plaintiff, Bail Shop, LLC accepted the $5,000 from Non-Party, Dinora Vasquez despite Plaintiff, Bail Shop, LLC not being licensed to do so. *See* Exhibit A.

**ARREST & IMPRISONMENT OF PLAINTIFFS, SMITH & DAMORE**

36.    On May 2, 2019, Plaintiffs, Smith & Damore, after learning that Arrest Warrants had been issued, turned themselves in at night court, at or about 6pm.

37.    On the evening of May 2, 2019, the Court set bail for Plaintiffs, Smith & Damore. Although both Plaintiffs were able to make bail, only Plaintiff, Damore was released.

38.    Plaintiff, Smith was held on a 72-hour detainer by Adult Probation and Parole as a result of the arrest being a violation of Plaintiff, Smith's probation. As a result, Plaintiff, Smith was held in Berks County Prison overnight.

39.    At approximately 8pm on May 3, 2019, Plaintiff, Smith was released from the Berks County Prison at the direction, upon information and belief, of Muhlenberg Township Police Department employees and/or agents.

40.    On or about May 8, 2019, the charges against Plaintiffs, Smith and Damore were withdrawn prior to any preliminary hearing.

## PUBLICATION OF THE ARRESTS

41.     On or about May 3, 2019, Defendant, John Adams held a public news conference, in which he described the charges pending against Plaintiffs, Smith and Damore, specifically that they accepted $5,000 to post a bail-bond, despite (i) Plaintiff, Bail Shop, LLC not possessing a license; and, (ii) Plaintiffs, Smith and Damore not possessing a license. *See* Exhibit G.

42.     Defendant, John Adams further defamed Plaintiffs, Smith, Damore, and Bail Shop, LLC by stating that

      a.     "This is despicable behavior."

      b.     "This is clearly fraudulent. This is clearly another deceitful, deceptive business"

*See* Exhibit G.

## FRAUDULENT INFORMATION IN AFFIDAVIT

43.     On or about May 3, 2019, at approximately 12:30pm, Plaintiff, Damore, via telephone, contacted Non-Party, David Sweitzer, who is the Division Chief of Pennsylvania Insurance Department Bureau of Licensing and Enforcement.

44.     During the telephone conversation, Non-Party, David Sweitzer confirmed that he had spoken with an officer from the Muhlenberg Township Police Department prior to the aforementioned warrants being issued. However, Non-Party, David Sweitzer informed Plaintiff, Damore that Non-Party, David Sweitzer had specifically told the officer the following information:

      a.     Plaintiff, Damore was appropriately licensed to operate a bail-bonds business in the Commonwealth of Pennsylvania, and that Plaintiff, Damore's license was not at the time, nor at any time, suspended; and,

    b.  Plaintiff, Bail Shop, LLC was appropriately licensed to operate as a bail-bond business in the Commonwealth of Pennsylvania, and that Plaintiff, Bail Shop, LLC's license was not at the time, nor at any time, suspended.

45.    Upon information and belief, including Defendant, Pollock's Affidavits of Probable Cause, the Muhlenberg Township Police Department officer who spoke to Non-Party, David Sweitzer was Defendant, Pollock.

46.    Defendant, Pollock had actual knowledge, prior to completing his Affidavits of Probable Cause that:

    a.  Plaintiff, Damore was appropriately licensed to operate a bail-bonds business in the Commonwealth of Pennsylvania, and that Plaintiff, Damore's license was not at the time, nor at any time, suspended; and,

    b.  Plaintiff, Bail Shop, LLC was appropriately licensed to operate as a bail-bond business in the Commonwealth of Pennsylvania, and that Plaintiff, Bail Shop, LLC's license was not at the time, nor at any time, suspended.

47.    Defendant, Pollock intentionally and knowingly lied under oath in his Affidavits of Probable Cause that Non-Party, David Sweitzer had confirmed that Plaintiffs, Damore and Bail Shop, LLC's licenses had been suspended by the Pennsylvania Insurance Department. *See* Exhibit A, Page 5 and Exhibit B, Page 5. In fact, Defendant, Pollock knew that Non-Party, David Sweitzer had conveyed the opposite.

## PUBLICATION OF THE WITHDRAWL OF CHARGES

48.    On or about May 9, 2019, Defendant, John Adams held a public news conference, in which he stated that the charges against Plaintiffs, Smith and Damore were withdrawn.

49.    However, rather than admitting that the charges were based on incorrect information, Defendant, John Adams stated that law enforcement has "insufficient evidence" to proceed in the case, but that charged could be refiled in the future. *See* Exhibit H.

## RESULTING HARM

50.    Defendant, Pollock intentionally and knowingly lied under oath in his Affidavits of Probable Cause that Non-Party, David Sweitzer had confirmed that Plaintiffs, Damore and Bail Shop, LLC's licenses had been suspended by the Pennsylvania Insurance Department. *See* Exhibit A, Page 5 and Exhibit B, Page 5.

51.    At no time was there probable cause to arrest Plaintiffs, Smith and Damore but for the fraudulent, incorrect, and malicious information created by Defendant, Pollock in order to wrongfully arrest and falsely imprison Plaintiffs, Smith and Damore.

52.    As a result, Defendant, Pollock caused Plaintiffs, Smith and Damore to suffer a wrongful arrest and malicious prosecution.

53.    As a result, Defendant, Pollock caused Plaintiff, Smith to suffer false imprisonment.

54.    As a result, Defendant, Bail Shop, LLC has lost significant revenue and profit.

## INVESTIGATING DISTRICT ATTORNEY

55.    There exists long-standing professional animosity between Defendant, Adams and Plaintiff, Smith due to Plaintiff, Smith refusal to refer clients to Defendant, Adams prior to Defendant, Adams becoming an elected district attorney.

56.    Pursuant to Federal Rule of Civil Procedure 11, it is believed and therefore averred that the following allegations will likely have evidentiary support after a reasonable opportunity for discovery:

    a.  Defendant, John Adams acted in an investigating, not prosecutorial manner, in directing Defendant, Pollock to investigate Plaintiffs, Smith and Damore.

    b.  Defendant, John Adams had actual knowledge that Plaintiffs, Damore and Bail Shop, LLC were appropriately licensed to operate a bail-bond business in the Commonwealth of Pennsylvania.

    c.  Despite the foregoing, Defendant, John Adams directed Defendant, Pollock to charge Plaintiffs, Smith and Damore.

**IV.    COUNTS OF ACTION**

**COUNT I**
**False Arrest**
Pursuant to 42 U.S. Code § 1983, et seq., & Pennsylvania State Law
*Plaintiffs, Smith & Damore v. Defendants, Pollock & Adams*

57.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

58.    Defendant, Pollock drafted and submitted the Police Criminal Complaints and Affidavits of Probable Cause against Plaintiffs, Smith and Damore to Non-Party, Magistrate District Judge Patton.

59.    In drafting the Affidavits of Probable Cause, Defendant, Pollock knowingly and intentionally lied by including the following false information in his Affidavits of Probable Cause:

    a.  Despite knowledge that Plaintiff, Damore was appropriately licensed to operate a bail-bonds business in the Commonwealth of Pennsylvania, falsely stating that Plaintiff, Damore's state license had been revoked; and,

    b.  Despite knowledge that Plaintiff, Bail Shop, LLC was appropriately licensed to operate as a bail-bond business in the Commonwealth of Pennsylvania, falsely stating that Plaintiff, Bail Shop, LLC's state license had been revoked.

60.    At all material times, Defendant, Pollock knew that probable cause did not exist for the arrest of Plaintiffs, Smith and Damore and intentionally and knowingly created false information in his Affidavits of Probable Cause in order to falsely create grounds for an arrest warrant.

61.    A reasonable officer would have known, based on the information known to Defendant, Pollock at the time he drafted the fraudulent Affidavits of Probable Cause that there was not probable cause for the arrest of Plaintiffs, Smith and Damore.

62.    Defendant, Pollock maliciously created false information in his fraudulent Affidavits of Probable Cause in order to effectuate the arrest of Plaintiffs, Smith and Damore.

63.    Depending upon the false information submitted in Defendant, Pollock's fraudulent Affidavits of Probable Cause, Non-Party, Magistrate District Judge Patton issued arrest warrants for Plaintiffs, Smith and Damore.

64.    On May 2, 2019, Plaintiffs, Smith and Damore were arrested as a result of the Police Criminal Complaints and Affidavits of Probable Cause submitted to Non-Party, Magistrate District Judge Patton.

65.    As a result of the foregoing, Plaintiffs, Smith and Damore have suffered actual harm, including being subjected to a false arrest, as well as financial and emotional harm.

**COUNT II**
**False Imprisonment**
Pursuant to 42 U.S. Code § 1983, et seq., & Pennsylvania State Law
*Plaintiffs, Smith v. Defendants, Pollock & Adams*

66.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

67.    Defendant, Pollock drafted and submitted the Police Criminal Complaint and Affidavit of Probable Cause against Plaintiff, Smith to Non-Party, Magistrate District Judge Patton.

68.     In drafting the Affidavit of Probable Cause, Defendant, Pollock knowingly and intentionally lied by including the following false information in his Affidavits of Probable Cause:

a.   Despite knowledge that Plaintiff, Damore was appropriately licensed to operate a bail-bonds business in the Commonwealth of Pennsylvania, falsely stating that Plaintiff, Damore's state license had been revoked; and,

b.   Despite knowledge that Plaintiff, Bail Shop, LLC was appropriately licensed to operate as a bail-bond business in the Commonwealth of Pennsylvania, falsely stating that Plaintiff, Bail Shop, LLC's state license had been revoked.

69.     At all material times, Defendant, Pollock knew that probable cause did not exist for the arrest of Plaintiff, Smith and intentionally and knowingly created false information in his Affidavit of Probable Cause in order to falsely create grounds for an arrest warrant.

70.     A reasonable officer would have known, based on the information known to Defendant, Pollock at the time he drafted the fraudulent Affidavits of Probable Cause that there was not probable cause for the arrest of Plaintiff, Smith.

71.     Defendant, Pollock maliciously created false information in his fraudulent Affidavit of Probable Cause in order to effectuate the arrest of Plaintiff, Smith.

72.     Depending upon the false information submitted in Defendant, Pollock's fraudulent Affidavit of Probable Cause, Non-Party, Magistrate District Judge Patton issued an arrest warrant for Plaintiff, Smith.

73.     On May 2, 2019, Plaintiff, Smith was arrested as a result of the Police Criminal Complaint and Affidavit of Probable Cause submitted to Non-Party, Magistrate District Judge Patton.

74.    As a result of the foregoing, Plaintiff, Smith was imprisoned unlawfully.

75.    Plaintiff, Smith suffered actual harm, including being subjected to a unlawful

imprisonment, as well as financial and emotional harm.

### COUNT III
**Malicious Prosecution**
Pursuant to 42 U.S. Code § 1983, et seq., & Pennsylvania State Law
*Plaintiffs, Smith & Damore v. Defendants, Pollock & Adams*

76.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

77.    Defendant, Pollock drafted and submitted the Police Criminal Complaints and Affidavits

of Probable Cause against Plaintiffs, Smith and Damore to Non-Party, Magistrate District Judge

Patton, thereby initiating criminal proceedings against Plaintiffs, Smith and Damore.

78.    In drafting the Affidavits of Probable Cause, Defendant, Pollock knowingly and

intentionally lied by including the following false information in his Affidavits of Probable

Cause:

   a.   Despite knowledge that Plaintiff, Damore was appropriately licensed to operate a

        bail-bonds business in the Commonwealth of Pennsylvania, falsely stating that

        Plaintiff, Damore's state license had been revoked; and,

   b.   Despite knowledge that Plaintiff, Bail Shop, LLC was appropriately licensed to

        operate as a bail-bond business in the Commonwealth of Pennsylvania, falsely stating

        that Plaintiff, Bail Shop, LLC's state license had been revoked.

79.    At all material times, Defendant, Pollock knew that probable cause did not exist for the

arrest of Plaintiffs, Smith and Damore and intentionally and knowingly created false information

in his Affidavits of Probable Cause in order to falsely create grounds for an arrest warrant.

80.     A reasonable officer would have known, based on the information known to Defendant, Pollock at the time he drafted the fraudulent Affidavits of Probable Cause that there was not probable cause for the arrest of Plaintiffs, Smith and Damore.

81.     Defendant, Pollock maliciously created false information in his fraudulent Affidavits of Probable Cause in order to effectuate the arrest of Plaintiffs, Smith and Damore.

82.     At all material times, there was no probable cause for the prosecution of Plaintiffs, Smith and Damore.

83.     Depending upon the false information submitted in Defendant, Pollock's fraudulent Affidavits of Probable Cause, Non-Party, Magistrate District Judge Patton issued arrest warrants for Plaintiffs, Smith and Damore.

84.     On May 2, 2019, Plaintiffs, Smith and Damore were arrested as a result of the Police Criminal Complaints and Affidavits of Probable Cause submitted to Non-Party, Magistrate District Judge Patton, constituting a deprivation of liberty consistent with the concept of seizure.

85.     On or about May 8, 2019, the charges against Plaintiffs, Smith and Damore were withdrawn prior to any preliminary hearing, constituting a termination of the criminal proceedings in favor of Plaintiffs.

86.     At all material times, Defendants acted for a purpose other than bringing Plaintiffs, Smith and Damore to justice as Defendants had actual knowledge that Plaintiffs, Smith and Damore had not committed any wrongdoing.

87.     As a result of the foregoing, Plaintiffs, Smith and Damore have suffered actual harm, including being subjected to a malicious prosecution, as well as financial and emotional harm.

## COUNT IV
### *Monell Liability*
Pursuant to 42 U.S. Code § 1983, et seq.
*Plaintiffs, Smith & Damore v. Defendant,* Muhlenberg Township

88.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

89.     Pursuant to Federal Rule of Civil Procedure 11, it is believed and therefore averred that the following allegations will likely have evidentiary support after a reasonable opportunity for discovery:

    a.  Prior to the events described herein, Defendant, Muhlenberg Township developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons, which caused violations of Plaintiffs, Smith and Damore's constitutional and other rights; and,

    b.  The above described acts or omissions by Defendant, Pollock demonstrated a deliberate indifference to the rights of citizens, such as Plaintiffs, Smith and Damore, and were the cause of the violations of Plaintiffs, Smith and Damore's rights as set forth herein.

90.     As a result of the foregoing, Plaintiffs, Smith and Damore have suffered actual harm, including being subjected to false arrest, false imprisonment, and/or malicious prosecution, as well as financial and emotional harm.

## COUNT V
### *Monell Liability*
Pursuant to 42 U.S. Code § 1983, et seq.
*Plaintiffs, Smith & Damore v. Defendants, Berks County*

91.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

92.     Pursuant to Federal Rule of Civil Procedure 11, it is believed and therefore averred that the following allegations will likely have evidentiary support after a reasonable opportunity for discovery:

  a.  Prior to the events described herein, Defendant, Berks County developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons, which caused violations of Plaintiffs, Smith and Damore's constitutional and other rights; and,

  b.  The above described acts or omissions by Defendant, Adams demonstrated a deliberate indifference to the rights of citizens, such as Plaintiffs, Smith and Damore, and were the cause of the violations of Plaintiffs, Smith and Damore's rights as set forth herein.

93.     As a result of the foregoing, Plaintiffs, Smith and Damore have suffered actual harm, including being subjected to false arrest, false imprisonment, and/or malicious prosecution, as well as financial and emotional harm.

### COUNT VI
**Tortious Interference with Business Relations**
*Plaintiff, Bail Shop, LLC v. Defendants*

94.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

95.     Defendants committed the foregoing acts with the purpose and/or intent to cause harm to Plaintiff, Bail Shop, LLC, specifically to interfer with current and prospective contractual clients.

96.     Defendants did not possess any privilege or justification to commit the foregoing acts or to interfere with Plaintiff, Bail Shop, LLC's business relations.

97.     Through Defendants forgoing acts, Defendants caused Plaintiff, Bail Shop, LLC to suffer significant financial harm, including the loss of revenue and profits.

## COUNT VII
### Defamation *Per Se*
*Plaintiffs v. Defendant, Adams (Individual Capacity Only)*

98.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

99.    Defendant, Adams' statements concerning Plaintiffs, Smith, Damore, and Bail Shop, LLC constitute defamation *per se* as the statements contend that Plaintiffs engaged in criminal actions.

100.    Defendant, Adams publicized the statements to multiple news outlets, which carried the statements to additional third parties.

101.    At all material times, Defendant, Adams' statements concerned Plaintiffs; were understood to concern Plaintiffs; and were understood to be defamatory in nature.

102.    As a result of Defendant, Adams' statements, Plaintiffs have suffered actual harm, including financial loss and reputational loss and emotional distress.

**WHEREFORE**, Plaintiffs, by and through their undersigned counsel, respectfully requests this Honorable Court enter judgment in their favor and against Defendants, individually, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, including:

    a.    Statutory Damages;

    b.    Punitive Damages;

    c.    Compensatory Damages, including actual damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, and emotional distress;

    d.    Attorneys' fees and expenses, costs of suit, and equitable relief.

    e.    Injunctive relief, including educational training.

Respectfully Submitted,

**WEISBERG LAW**                              **SCHAFKOPF LAW, LLC**

/s/ Matthew B. Weisberg                       /s/ Gary Schafkopf
Matthew B. Weisberg                           Gary Schafkopf
Attorney Id. No. 85570                        Attorney ID No. 83362
L. Anthony DiJiacomo, III                     11 Bala Ave
Attorney Id. No.: 321356                      Bala Cynwyd, PA 19004
7 South Morton Ave.                           610-664-5200 Ext 104
Morton, PA 19070                              Fax: 888-283-1334
610-690-0801
Fax: 610-690-0880                             *Attorneys for Plaintiff*

JS 44 (Rev 02/19) CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

## I. (a) PLAINTIFFS
VINCENT J. SMITH, ET AL.

**DEFENDANTS**
JAMES A. POLLOK, ET AL.

**(b)** County of Residence of First Listed Plaintiff **Berks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Berks**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew B. Weisberg, Esquire, Weisberg Law, 7 South Morton Ave.,
Morton, PA 19070 (610) 690-0801 mweisberg@weisberglawoffices.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal | Property Damage | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | Exchange |
| | | | ☐ 790 Other Labor Litigation | | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | Sentence | | | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - | ☐ 530 General | | | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | ☐ 446 Amer w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983
Brief description of cause:
False Arrest/False Imprisonment/Malicious Prosecution

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** excess of $75K

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

NOV - 7 2019

DATE 11|1|19
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**19   5343**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ **Berks County, PA** _____

Address of Defendant: _____ **210 George Street, Reading, PA 19605** _____

Place of Accident, Incident or Transaction: _____ **Berks County, PA** _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/11/19     _____ Must sign here _____     85570
                   Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.   Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Matthew B. Weisberg, Esquire**, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

NOV - 7 2019

DATE: 11/11/2019     _____ Sign here if applicable _____     85570
                     Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Smith, et al.

        v.

Pollock, et al.

CIVIL ACTION

**19**   **5343**

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x )

| | | |
|---|---|---|
| 11/5/2019 | | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-690-0801 | 610-690-0880 | mweisberg@weisberglawoffices.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV - 7 2019